UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV24-00739 (Ex) | Date | March 27, 2024 |
|---|---|---|---|
| Title | Gilbert Mora, et al. v. Block, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) ORDER RE MOTION TO REMAND (DKT. 11)

### I.     Introduction

On December 19, 2023, Gilbert Mora, Stacy Dozier, Dianna Perez and Alan Starzinski ("Plaintiffs") brought this putative class action against Block, Inc. ("Defendant") and Does 1 through 100 in the Los Angeles Superior Court. Dkt. 1-1. The Complaint advances two causes of action: (1) limiting consumer speech in violation of California Civil Code § 1670.8; and (2) unfair and unlawful conduct in violation of California Business and Professions Code § 17200. *Id.* ¶¶ 46–59. Defendant removed the action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. Dkt. 1.

On February 23, 2024, Plaintiffs filed a Motion to Remand (the "Motion" (Dkt. 11)) as well as a Request for Judicial Notice (the "RJN" (Dkt. 12)). Defendant filed an opposition to the Motion (the "Opposition" (Dkt. 14)), and Plaintiffs filed a reply (the "Reply" (Dkt. 15)).

The Motion was taken under submission on March 20, 2024. For the reasons stated in this Order, the Motion is **GRANTED**.

### II.     Factual Background

    A.     Parties

The Complaint alleges that Plaintiffs are citizens of California and residents of Los Angeles County. Dkt. 1-1 ¶¶ 11–14. It is alleged that Defendant conducts business in California with California citizens. *Id.* ¶ 15. It is also alleged that Plaintiffs visited Defendant's financial platform and that some of them completed transactions there. *Id.* ¶ 1. It is alleged that the platform includes mobile applications, websites, software, cloud-based solutions and other products and services (the "Service"). *Id.*

    B.     Alleged Classes

The Complaint seeks the certification of the following Class and Subclass: (1) a "Class" including "all persons residing in California who visited the Service"; and (2) a "Subclass" including "all persons residing in California who completed a transaction on the Service." *Id.* ¶ 26. The first cause of action is brought on behalf of the Class, and the second cause of action is brought on behalf of the Subclass. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV24-00739 (Ex) | Date | March 27, 2024 |
|---|---|---|---|
| Title | Gilbert Mora, et al. v. Block, Inc., et al. | | |

C.    Factual Allegations in Complaint

The Complaint alleges that all users of the Service are bound by its Terms of Service (the "Terms"). *Id.* ¶ 5. It is alleged that the Terms state: "anything you provide us or make available to the public through our services must not contain anything that we think is objectionable (e.g., . . . harmful to . . . us)." *Id.* ¶ 6. As a result, the Complaint alleges, Defendant has sought to silence its customers from criticizing Defendant or the Service in violation of Cal. Civ. Code § 1670.8. *Id.* It is further alleged that Defendant's conduct constitutes "unlawful business practices, purposefully designed to maintain and increase their consumers and prop up their stock price, all while denying public, consumers, and potential consumers accurate information so that they may make informed decisions as consumers." *Id.* ¶ 7.

It is alleged that Plaintiffs as well as the putative class members used the Service in some manner, which subjected each of them to its unlawful Terms. *Id.* ¶ 25.

D.    Allegations in Notice of Removal

The Notice of Removal (the "Notice") states that Defendant is a Delaware Corporation. Dkt. 1 ¶ 18. It also states that the Complaint does not expressly allege that Defendant is a citizen of California, but that minimal diversity exists regardless of whether Defendant is determined to be a citizen of California as well as Delaware. *Id.* ¶¶ 18–19. The Notice contends that the definitions in the Complaint of the putative classes by referring to California residents rather than California citizens establishes minimal diversity under CAFA. *Id.* ¶ 20. Accordingly, the Notice asserts that all of the jurisdictional elements for CAFA removal are satisfied. *Id.* ¶ 22.

**III.    Request for Judicial Notice**

Federal Rule of Evidence 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Websites and their contents may be subject to judicial notice. *See Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020); *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670, 2008 WL 4183981, *5 (N.D. Cal. Sept. 9, 2008) ("[I]nformation on government agency websites . . . have often been treated as proper subjects for judicial notice.").

Plaintiffs seek judicial notice of the Terms as published on Defendant's website and certain of Defendant's filings with the Securities and Exchange Commission ("SEC") that are available through the website of the SEC. Because both of the websites are matters of public record, no issues of authenticity have been presented and Defendant has not opposed the RJN, judicial notice is appropriate. Therefore, the RJN is **GRANTED**.

**IV.    Analysis**

A.    Legal Standards

A motion to remand is the vehicle used to challenge the removal of an action. *See* 28 U.S.C. § 1447(c). In general, a state civil action may be removed only if, at the time of removal, a federal court would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV24-00739 (Ex) | Date | March 27, 2024 |
|---|---|---|---|
| Title | Gilbert Mora, et al. v. Block, Inc., et al. | | |

have jurisdiction over the action. *See* 28 U.S.C. § 1441. "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). "Through CAFA, Congress broadened federal diversity jurisdiction over class actions by, among other things, replacing the typical requirement of complete diversity with one of only minimal diversity." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 882 (9th Cir. 2013).

In seeking "to pursue a federal forum under CAFA," the removing defendant bears the burden "to put forward evidence . . . satisfy[ing] [the] requirements of CAFA." *Ibarra*, 775 F.3d at 1197. The notice of removal must only include "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), and the allegations of minimal diversity may be based on "information and belief." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). "The pleading 'need not contain evidentiary submissions.' " *Id.* (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014)).

Like other challenges to jurisdictional allegations, a motion to remand following removal under CAFA may be "facial" or "factual." *Salter v. Qual. Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). "A 'facial' attack accepts the truth of the [removing party's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.' " *Id.* (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). "A factual attack contests the truth of the allegations themselves." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (cleaned up). Where a plaintiff presents a factual challenge to the removing defendant's jurisdictional allegations, the burden is the defendant to provide "competent proof" that the jurisdictional requirements are satisfied by a preponderance of the evidence. *Id.* at 701.

As the party alleging minimal diversity, the removing defendant "should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Although a plaintiff may introduce evidence in support of a factual attack, the plaintiff "need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Harris*, 980 F.3d at 700; *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.").

B. Application

Plaintiffs argue that there is no federal jurisdiction because Defendant has not satisfied its burden of establishing minimal diversity under CAFA. Dkt. 11-1 at 7. Specifically, Plaintiffs contend that, although Defendant is a citizen of California, it has not alleged or identified any putative class member who is not a citizen of California. *Id.* at 11–12. Even if Defendant had established minimal diversity, Plaintiffs argue that it would not be appropriate to exercise jurisdiction under the home state exceptions to CAFA. *Id.* at 15. In the alternative, Plaintiffs request that they be permitted to conduct jurisdictional discovery prior to the resolution of the Motion so that they can seek to present further evidence in support of it. *Id.* at 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV24-00739 (Ex) | Date | March 27, 2024 |
|---|---|---|---|
| Title | Gilbert Mora, et al. v. Block, Inc., et al. | | |

### 1.   Minimal Diversity

There is minimal diversity under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). For the purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The citizenship of a natural person is "determined by her state of domicile, not her state of residence." *Kanter*, 265 F.3d at 857. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* However, a person's residence constitutes some evidence of domicile. *See Mondragon*, 736 F.3d at 885.

As the removing party, Defendant bears the burden of affirmatively alleging the actual citizenship of the parties, *see Kanter*, 265 F.3d at 857, and showing by a preponderance of the evidence that minimal diversity is satisfied, *see Harris*, 980 F.3d at 701. Defendant "does not dispute that it is a citizen of both Delaware and California." Dkt. 14 at 9. Therefore, the determination whether there is federal jurisdiction under CAFA turns on whether there is a diverse putative class member. Defendant emphasizes that the definition of the putative classes as alleged in the Complaint may include citizens of states other than California, but Defendant does not proffer any evidence identifying such a class member. *Id.* 10–12. Nor has Defendant sought leave to conduct jurisdictional discovery. "Since the party asserting diversity jurisdiction bears the burden of proof," Defendant's failure to specify a single, diverse putative class member is "fatal to Defendant['s] assertion of diversity jurisdiction." *Kanter*, 265 F.3d at 857–58. Therefore, there is no basis for federal jurisdiction under CAFA, and the Motion is **GRANTED**.

### 2.   Home State Exceptions

Even if Defendant had sufficiently alleged minimal diversity, that would not necessarily establish that the exercise of federal jurisdiction would be proper. Congress provided the mandatory and discretionary home state exceptions to CAFA "to allow truly *intra*state class actions to be heard in state court." *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020). The home-state controversy exception requires remand where the primary defendants and more than two-thirds of the putative class are citizens of the state in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(B). Under the local controversy exception, a district court has discretion to remand where the primary defendants and more than one-third of the putative class are citizens of the state in which the action was originally filed. *See id.* § 1332(d)(4)(A).

"[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021–22 (9th Cir. 2007). "To meet this burden, the moving party must provide some facts in evidence from which the district court may make findings regarding class members' citizenship." *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (cleaned up). "Although such a finding must be based on more than mere guesswork," the Ninth Circuit has "repeatedly cautioned that the burden of proof on a plaintiff should not be exceptionally difficult to bear." *Adams*, 958 F.3d at 1221 (cleaned up).

The Ninth Circuit has not addressed the issue whether "a person's residence [is] prima facie evidence of the person's domicile." *Mondragon*, 736 F.3d at 886. As a result, if remand turned on a home state exception to CAFA, Plaintiffs could not rest solely on the Complaint; additional facts would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV24-00739 (Ex) | Date | March 27, 2024 |
|---|---|---|---|
| Title | Gilbert Mora, et al. v. Block, Inc., et al. | | |

necessary to prove either exception. As a starting point, because Plaintiffs are California citizens suing a California Defendant on behalf of California residents for violations of California law (*see* Dkt. 15 at 7), it is "likely that *at least* one-third of the putative class members—if not more than two-thirds of the putative class—are California citizens." *Fuentes v. Hous. Auth. of L.A.*, No. 23-CV-03295-SPG-JPR, 2023 WL 5530027, at *5 n.5 (C.D. Cal. Aug. 25, 2023); *see also Spargifiore v. Panda Rest. Grp., Inc.*, No. 20-CV-09837-AB-MRW, 2021 WL 405815, at *1 (C.D. Cal. Feb. 4, 2021) (although it "appears likely" that a home state exception to CAFA applies, jurisdictional discovery is appropriate to be able to make the factual determination); *Harris by & through T.H. v. Hous. Auth. of L.A.*, No. 23-CV-04339-SPG-JPR, 2023 WL 5165547, at *3 (C.D. Cal. Aug. 11, 2023) (adopting the same approach and collecting cases).

As noted, Plaintiffs bear the burden as to the home state exceptions, but they have not proffered evidence to support them. However, because Defendant has not sufficiently alleged minimal diversity, the burden has not shifted to Plaintiffs to "prove an exception to CAFA's jurisdiction." *Serrano*, 478 F.3d at 1021–22. Consequently, the home state exceptions as well as Plaintiffs' request for jurisdictional discovery are not at issue.

**V.    Conclusion**

For the foregoing reasons, this action is **REMANDED** to the Los Angeles Superior Court, Case No. 23STCV30869, at its Stanley Mosk Courthouse.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    TJ